IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv046-FDW-5
(3:03cr205-1)

| | |
|---|---|
| SHAWN ANTONIO WILEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons stated herein, Petitioner's motion shall be dismissed as untimely.

**I. Factual and Procedural Background**

On November 18, 2003, Petitioner was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), (Count One), possession with intent to distribute a controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (Count Two), and using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1), (Count Three). (Case No. 3:05cr205-1, Doc. 1.) On May 19, 2004, Petitioner entered a guilty plea in Counts One and Three pursuant to a plea agreement, in

which the Government dismissed Count Two.  Id. at Docs. 12, 13.  Judgment was entered on September 10, 2004, and the Court sentenced Petitioner to a total of 400 months imprisonment and three years of supervised release.  Id. at Doc. No. 18.  Petitioner did not file a direct appeal.

On January 26, 2011, Petitioner filed the instant Motion to Vacate.  (Doc. 1.)  On February 4, 2011, the Court sent notice to Petitioner pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), that his Motion appeared to be untimely and gave Petitioner time in which to explain why his Motion should not be dismissed as such.  (Doc. 2.)  On February 15, 2011, Petitioner filed a response, arguing that his Motion should not be viewed as untimely because his trial attorney did not file a requested appeal.  (Doc. 3.)

## II. Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  In the instant case, the statutory limitation period began to run from "the date on which the judgment of conviction [became] final[.]"  §2255(f)(1).  Petitioner's conviction and sentence became final on or about September 24, 2004, when the time for filing a direct appeal expired.  United States v. Johnson, 203 F.3d 823 (4th Cir. 2000) (unpublished); Fed. R. App. P. 4(b).  Therefore, absent equitable tolling, Petitioner had until September 24, 2005 in which to file a § 2255 motion to vacate in federal court.  Petitioner filed the instant Motion to Vacate more than five years later on January 26, 2011.  He argues that equitable tolling should apply in his case because his attorney failed to file a timely appeal as requested.  (Doc. 3.)

Equitable tolling applies to the statute of limitations in § 2255 proceedings.  See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).  However, in order to be entitled to

equitable tolling, the movant must show (1) that he has diligently pursued his legal rights and (2) that some extraordinary circumstance prevented the timely filing of his § 2255 motion. See id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, Petitioner has done neither.

Although Petitioner asserts that he timely asked counsel to file notice of appeal, he has not provided any facts regarding how his counsel's failure to file a notice of appeal prevented him from filing a timely motion to vacate under § 2255. He does not allege, for example, that counsel promised to file a notice of appeal or even that he believed counsel was going to file a notice of appeal. He merely alleges that he asked for an appeal, and counsel did not file one. Moreover, the record shows that Petitioner did not attempt to check on the status of the requested appeal for six years. (Doc. 3 at 4.) He has not provided any explanation for that delay.

Equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dept. of Veterans, 498 U.S. 89, 96 (1990). The diligence required for equitable tolling purposes is "reasonable diligence." Holland, 130 S.Ct. at 2565 (citation omitted). The Court finds that with the exercise of reasonable diligence, Petitioner would have discovered that his counsel failed to file an appeal well before the expiration of the statutory period, and certainly well before he filed his § 2255 motion to vacate in 2011. The fact that this information was readily accessible to Petitioner is shown by his acknowledgment that he received it after a single inquiry to the Fourth Circuit Clerk of Court. (Doc. 3 at 4.) Accordingly, Petitioner has not demonstrated that "extraordinary circumstances beyond [his] control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citations and internal quotation marks omitted) (alteration in original). Thus, Petitioner is not entitled to equitable tolling, and his petition is

3

time-barred.

### III. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DISMISSED** as untimely;

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability as Petitioner has failed to establish that reasonable jurists would find that the Court's dispositive procedural rulings are debatable and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED**.

Signed: February 23, 2011

Frank D. Whitney
United States District Judge