IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:03-cr-00205-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| SHAWN ANTONIO WILEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's *pro se* Motions for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), (Doc. Nos. 37, 41, 44), and Defendant's *pro se* Motion for Appointment of Counsel. (Doc. No. 43). For the reasons which follow, Defendant's Motions are **DENIED**.

**I.    BACKGROUND**

Defendant is 48 years old and is currently incarcerated at FMC Butner. (Doc. No. 45, p. 6). Defendant was charged in a three-count Bill of Indictment on November 18, 2003. (Doc. No. 40, ¶ 1). Defendant was charged with Possession of a Firearm by a Convicted Felon (Count 1), Possession with Intent to Distribute Cocaine Base (Count 2) and Use and Carry a Firearm During and in Relation to a Drug Trafficking Crime (Count 3). Id. On May 19, 2004, Defendant pleaded guilty pursuant to a plea agreement to Counts One and Three. Id. ¶ 3. Defendant was sentenced to a total term of imprisonment of 100 months imprisonment on Count 1 and 300 months on Count 3 to run consecutive for a total of 400 months imprisonment in a Judgment issued on September 10, 2004. (Doc. No. 18).

On May 27, 2020, Defendant filed a Motion for Compassionate Release. (Doc. No. 37). On June 02, 2020, Defendant filed a supplemental Motion for Compassionate Release (Doc. No.

1

41), and then filed an emergency motion for compassionate release on July 7, 2020. (Doc. No. 44). Additionally, Defendant filed a *pro se* Reply to Government's Response in Opposition, which he asked to serve as an "update" to his Compassionate Release motion. (Doc. No. 46). In his Reply, Defendant stated he was "positive" for the COVID-19 virus, and he is being housed in a "open dorm" with other positive inmates. Id. Defendant did not state he was experiencing any negative symptoms in his Reply. See id. Additionally, Defendant filed a motion for Appointment of Counsel. (Doc. No. 43). The Court has reviewed all motions and exhibits therein.

In his Compassionate Release motions, Defendant states that there is a COVID-19 outbreak in the Bureau of Prisons. (Doc. Nos. 37, 41). Defendant contends that he has asthma, is pre-diabetic, and that as an African-American male he is more susceptible to the virus. (Doc. No. 37, p. 1-2.); see (Doc. No. 37-3, p. 2) (showing a news article talking about the "stark racial disparity" represented by the disproportionate amount of deaths and infections in African-American communities). Defendant claims these reasons constitute extraordinary circumstances to grant him compassionate release. (Doc. Nos. 37, 41, 44, 46). Additionally, Defendant asks this Court to allow him to serve the remainder of his sentence in home confinement. (Doc. Nos. 37, 41, 46). Defendant also argues, within his Compassionate Release motion and Reply, that his imprisonment during the COVID-19 pandemic is a violation of his Eighth Amendment rights.[1] (Doc. Nos. 37, 46).

## II.  DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

---

[1] A motion for compassionate release is not the proper vehicle for an Eighth Amendment claim, and the "[E]ighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c)." USA v. Hartley, No. 5:13-CR-00046-KDB-DSC-1, 2020 WL 5550394, at *1 (W.D.N.C. Sept. 16, 2020). As such, the Court will not address Wiley's Eighth Amendment claims.

2

In his motions, Defendant argues his medical conditions, in light of the COVID-19 pandemic, constitute extraordinary circumstances to grant his compassionate release. (Doc. Nos. 37, 41). However, the Defendant does not explain how his current medical conditions meet the "extraordinary and compelling" requirement of United States Code Title 18, Section 3582(c)(1)(A). (Doc. Nos. 37, 41, 44). The Defendant did not provide any information on how his specific medical conditions, age, or other qualifying conditions increases the likelihood of being adversely affected by COVID-19.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

18 U.S.C. § 3582(c)(1)(A).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement with regard to compassionate

release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>   (ii) The defendant is –
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

The Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to support his Motion pursuant to § 3582(c)(1)(A)(i). Defendant does not assert that he has a terminal or serious health condition, or deterioration in physical or mental health due to aging, or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. Defendant's reported pre-diabetes does not provide

4

extraordinary and compelling reasons for release. See United States v. Walker, No. 3:16-CR-00013-MOC-DCK, 2020 WL 4757080, at *2 (W.D.N.C. Aug. 17, 2020) (finding a defendant with pre-diabetes and stomach ulcers does not compel Compassionate Release); United States v. Hall, No. CR-JKB-04-323, 2020 WL 4582712, at *2 (D. Md. Aug. 10, 2020) ("The Court finds that [defendant's] hypertension and pre-diabetes diagnoses do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute extraordinary and compelling reasons for judicial relief."). Additionally, Defendant failed to provide any medical records or evidence to substantiate his self-reported medical condition of asthma. See (Doc. No. 45, p. 11) ("Defendant has not provided any documentation for his asserted medical conditions of asthma and pre-diabetes…[A] review of Defendant's medical records from the BOP does not support Defendant's claim of asthma."). Furthermore, the Defendant fails to identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement.

Even if Defendant qualified for release due to extraordinary and compelling reasons, § 3582(c)(1)(A) requires that this Court consider the factors listed in 18 U.S.C. § 3553(a) before granting Defendant's motion. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense, (B) to afford adequate deterrence, (C) to protect the public from further crimes committed by the defendant, and (D) to provide the defendant with educational or vocational training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted

5

sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant prior to granting compassionate release. See 18 U.S.C. § 3582(c)(1). The instant offense occurred on May 13, 2003, where Defendant was found with 5.57 grams of cocaine and 365 grams of marijuana. (Doc. No. 40, ¶ 7), while in possession of a firearm. Id. Defendant's criminal convictions present a history of possessing narcotics and carrying a firearm. Defendant was convicted of drug offenses in 1997 and 1998. Id. at ¶¶ 35-37. Additionally, in 1998, Defendant was convicted of Use and Carry of a Firearm During and in Relation to a Crime of Violence. Id. at ¶ 38. During that offense, Defendant participated in a robbery of a bank in Charlotte, in which a .40 caliber firearm was used. Id. Defendant was placed on supervised release on December 13, 2002 and committed the instant offense of incarceration five months after release. See id. ¶¶ 41-42. Therefore, the Court recognizes the seriousness of Defendant's offenses, the necessity to provide just punishment, and Defendant's persistence of drug dealing. The Court must protect the public from the possible danger of Defendant's continued narcotics behaviors, when deciding whether to reduce the sentencing, thereby promoting specific deterrence. Thus, Defendant's release is not warranted under the relevant § 3553(a) factors due to his potential danger to the public.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted a sentence reduction, and therefore, his Motions for Compassionate Release (Doc. Nos. 37, 41, 44) are **DENIED**.

### III.  DEFENDANT'S REQUEST FOR HOME CONFINEMENT

To the extent Defendant requests the Court release him to home confinement, the Court does not have authority to direct the BOP to do so. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

## IV. DEFENDANT'S APPOINTMENT FOR COUNSEL

With respect to the Motion to Appoint Counsel, criminal defendants have no right to counsel beyond their first appeal. E.g., United States v. Kenny, No. 3:01-cr-00185-FDW, 2020 WL 2094116, at *1 (W.D.N.C. Apr. 30, 2020); United States v. Ismel, No. 3:94-CR-00008-1, 2012 WL 113392, at *1 (W.D. Va. Jan. 13, 2012). Defendant has not shown extraordinary circumstances warranting the appointment of counsel at this time. The Motion (Doc. No. 43) is therefore **DENIED**.

## V. CONCLUSION

For the foregoing reasons, Defendant Shawn Antonio Wiley's Motions for Compassionate Release (Doc. Nos. 37, 41, 44) and Motion for Appointment of Counsel (Doc. No. 43) are **DENIED**.

IT IS SO ORDERED.

Signed: March 31, 2021

*Frank D. Whitney*
Frank D. Whitney
United States District Judge